UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYOUNG H. KO,<br><br>    Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br><br>    Defendant. | Case No.17-cv-06427-HRL<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

    Pro se plaintiff Kyoung H. Ko ("Ko") sues the United States Postmaster General, Megan J. Brennan ("USPS"), for employment discrimination. Ko, a former postal worker, alleges that the USPS committed unlawful discrimination and retaliated against her for engaging in protected activity. The USPS now moves to dismiss Ko's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted. For the reasons explained below, the Court grants the motion and dismisses Ko's claims without leave to amend.

    All parties consented to magistrate judge jurisdiction. Dkt. Nos. 4, 8.

## I. BACKGROUND

    The Court accepts the facts as pleaded in Ko's FAC as true. The Court also considers the exhibits attached to the Declaration of Rebecca Saxton, EEO Compliance/Appeals Manager for the Pacific Area of the USPS. Dkt. Nos. 19-1, 19-2. Generally, a court is limited to the materials contained in and attached to the complaint when ruling on a 12(b)(6) motion. If on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(c). However,

1  under the "incorporation by reference" doctrine, a court may consider documents "whose contents

2  are alleged in a complaint and whose authenticity no party questions, but which are not physically

3  attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)

4  (citation omitted). Ko references the documents attached to the Saxton Declaration, particularly

5  the settlement agreement between Ko and USPS, and she does not dispute their authenticity.

6  Accordingly, the Court is satisfied that it may consider those materials without converting this

7  motion into one for summary judgment.

8      Ko was a postal worker in San Jose for over thirty years. Dkt. No. 12 at 7. One day in

9  early February 2013, Ko punched out at the end of her shift but stayed at the office to write a

10  personal letter. Ko's manager was unhappy that Ko was conducting personal business at the

11  office, and worse, that she was using USPS equipment. *Id.* at 7, 10. The manager "started

12  screaming at [Ko] to leave." *Id.* at 10. Ko hurried out, forgetting to unplug her USB thumb drive,

13  but grabbing an empty envelope. *Id.* Ko's manager read the files stored on the thumb drive,

14  leaving Ko feeling "violated and humiliated." *Id.* As for the envelope, USPS later accused Ko of

15  stealing postal property. *Id.* The envelope bore the USPS "penalty indicia," meaning it could be

16  transmitted without the payment of postage, but only for authorized official business. *See* 18

17  U.S.C. § 1719; 39 U.S.C. § 3201(1).

18      USPS placed Ko on emergency suspension for allegedly using an official envelope for

19  personal use. Ko then filed a complaint, assigned EEO No. 1F-951-0009-13, alleging

20  discrimination on the basis of religion, national origin, and age, along with unlawful retaliation.

21  Dkt. No. 9-2, Ex. A.

22      By May, Ko reached a settlement with USPS. Dkt. No. 12 at 10. The settlement began,

23  "Kyoung Ko agrees to retire on or before 12/1/2013." Dkt. No. 9-2, Ex. B. USPS issued a Notice

24  of Removal for Ko, Dkt. No. 9-2, Exs. A, D, but the settlement agreement explained, "The notice

25  of removal will be held in abeyance provided Kyoung Ko retires on or before 12/1/2013. If

26  Kyoung Ko does not retire on the aforementioned date, the Notice of Removal will become

27  effective 12/1/2013 and Ms. Ko will be separated from the USPS," Dkt. No. 9-2, Ex. B. In the

28  meantime, Ko was allowed to make use of her annual leave and sick time. *Id.* The settlement

went on to say, "This agreement constitutes a full and final settlement of all issues arising out of the subject matter of the following EEO complaint numbers and by signing this agreement the counselee withdraws any and all pending EEO complaints and appeals relative to the subject matter of these complaints." *Id.* The space underneath this clause was left blank, but the top right corner of each page of the settlement agreement referenced "USPS EEO Case No. 1F-951-0009-13." *Id.* The settlement continued, "I understand and agree that . . . I have received something which has value to me from the Postal Service in exchange for signing this agreement." *Id.* Ko signed the agreement, as did her lawyer. *Id.* at 10.

The FAC elides exactly what happened next, but it is clear that on December 1, USPS ended Ko's employment. Ko later filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In dismissing Ko's charge, an administrative law judge wrote, "[Ko] did not seek to retire before the December 1st deadline and thereafter was removed from [USPS] service pursuant to the pending Notice of Removal." Dkt. No. 9-2, Ex. E. Ko later sued in federal court. Dkt. No. 1.

Ko filed her original complaint in November 2017 and the USPS moved to dismiss, Dkt. No. 9. Ko then filed the FAC, which, despite various procedural deficiencies, the Court deemed properly filed. Dkt. No. 14. The FAC asserts claims for discrimination on the basis of religion and age, and a claim for retaliation. Ko also asserts a claim for violation of the USPS Employee & Labor Manual ("ELM"), which prohibits discrimination. Finally, Ko challenges the settlement agreement. She says there was a "breach of contract," Dkt. No. 12 at 2, but Ko's emphasis seems to be on the validity of the agreement itself. She suggests that she did not understand its terms when she signed due to stress and a language barrier (English is not her first language). She insists that she received nothing of value from USPS. *Id.* at 6. At a hearing on March 20, 2018, Ko emphasized that she did not understand that the agreement would prevent her from reviving her discrimination and retaliation claims after December 1. Accordingly, the Court understands Ko to be arguing not that USPS breached the settlement, but that the settlement was somehow defective or void. Ko says she is entitled to one million dollars in damages. Dkt. No. 12 at 1.

USPS moved to dismiss the FAC, Dkt. No. 18, and Ko filed an opposition, Dkt. No. 24.

3

1 Along with her opposition, Ko filed a request for leave to file a second amended complaint. Dkt.
2 No. 25. Ko did not attach a copy of her proposed amended complaint. The document simply
3 reads, "Kyoung H. Ko, Plaintiff herein submits her motion for leave." *Id.*

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court will not assume the truth of legal conclusions. *See Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (*quoting Twombly*, 550 U.S. at 682). "Dismissal may also be based on the absence of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Additionally, a court must liberally construe pleadings by litigants who represent themselves. *See Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Murphy v. United States Postal Serv.*, C 14-02156-SI, 2014 WL 4437731, at *2 (N.D. Cal. 2014) (*quoting Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

## III. DISCUSSION

The Court first considers Ko's claims about the validity of the settlement agreement. Next, the Court addresses Ko's discrimination and retaliation claims. Finally, the Court rules on Ko's claim under the USPS Employee & Labor Relations Manual.

### A. Validity of the Settlement Agreement

Ko appears to assert two arguments for why the settlement agreement is defective. First, she insists that she received nothing of value from USPS in exchange for signing the agreement.

Second, she says she misunderstood its terms, due to lack of English comprehension and stress. "I thought I understood the settlement correctly when I had signed . . . I thought I could have two choices – retirement or removal . . . No one told me that I could not file another grievance for this removal." Dkt. No. 12 at 5. She adds, "I was too stressed out to make a reasonable wise decision[.]" *Id.* at 5.

Settlement agreements are contracts interpreted under the laws of the forum state. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). "This is so even where a federal cause of action is 'settled' or 'released.'" *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993). Among the elements of a valid contract in California are consideration and consent. *See* Cal. Civ. Code § 1550.

"A written instrument is presumptive evidence of a consideration." Cal. Civ. Code § 1614. "[T]he quantum of consideration is generally irrelevant as long as it has some value." *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 415 (2007) (citation omitted).

As to consent, "A party cannot avoid the terms of an agreement he signs on the ground that he did not understand the language in which the contract was written." *Mohebbi v. Khazen*, No. 13-CV-03044-BLF, 2014 WL 6845477, at *5 (N.D. Cal. 2014) (*citing Madden v. Kaiser Found. Hospitals*, 17 Cal. 3d 699, 710 (1976) (stating the "general rule that one who assents to a contract is bound by its provisions and cannot complain of unfamiliarity with the language of the instrument")). An apparent consent is not real or free when obtained through duress, menace, fraud, undue influence, or mistake. Cal. Civ. Code § 1567. However, "[a] party cannot avoid a contractual obligation merely by complaining that the deal, in retrospect, was unfair or a bad bargain." *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 953 (N.D. Cal. 2015).

Ko's argument that she received nothing of value from USPS is not convincing. The written settlement agreement is presumptive evidence of consideration, and the agreement expressly stated that Ko "received something which has value to me from the Postal Service in exchange for signing this agreement." Dkt. No. 9-2 at B. More importantly, Ko clearly did receive something of value: Ko received the option of retiring by December 1, when USPS presumably could have terminated her employment immediately. Ko was allowed to remain

5

employed and collect a salary for nearly six months. Ko may not have received the benefit for which she bargained (retirement rather than termination), but only because she apparently failed to retire by December 1.[1] Consideration also went in the other direction. In exchange for a reprieve on the Notice of Removal, Ko agreed to "a full and final settlement" of her complaints under EEO Case No. 1F-951-009-13. *Id.*

Ko's other arguments also fail. If Ko's assertion is that she misunderstood the settlement as to when she had to retire to avoid removal, the FAC belies that claim. As Ko states, she understood she had two choices, "retirement or removal." Dkt. No. 12 at 5. If, however, her argument is that she did not understand that the settlement would bar a future lawsuit on her discrimination and retaliation claims, her discomfort with English is no defense. *See Mohebbi*, 2014 WL 6845477, at *5. Finally, Ko has not alleged any facts to plausibly suggest that her "stressed out" state negated her consent to the agreement. Although the experience was undoubtedly difficult, Ko was represented by counsel and appears to have understood other material provisions of the settlement agreement. In the end, Ko seems unhappy with the bargain she struck, but that does release her from a valid contractual obligation.

### B. Discrimination and Retaliation Claims

Ko alleges she was the victim of age- and religion-based discrimination, and that USPS retaliated against her for engaging in protected activity, namely the complaint she filed after she was put on emergency suspension. USPS argues that the settlement agreement bars Ko from pursuing claims for discrimination and retaliation. The Court agrees with USPS.

"A plaintiff who knowingly and voluntarily agrees to settle [her] claims is bound by [her] agreement." *Walker v. U.S. Postal Serv.*, No. CV-07-1566-PHX-ROS, 2009 WL 2132691, at *2 (D. Ariz. 2009) (granting summary judgment for USPS where plaintiff ex-employee previously settled discrimination claims) (*quoting Folley v. Henderson*, 175 F. Supp. 2d 1007, 1011 (S.D. Ohio 2001)). Here, Ko complained of discrimination and retaliation, but agreed to forgo those

---

[1] At the hearing on March 20, 2018, Ko seemed to say she did, in fact, retire, and that she was able to collect at least part of her pension. That contradicts the FAC, which is clear on the point that USPS "remov[ed]" Ko from service on December 1. Dkt. No. 12 at 10.

claims when she signed the settlement agreement. That agreement read, in relevant part, "This agreement constitutes a full a final settlement of all issues arising out of the subject matter of" Ko's complaints. Dkt. No. 9-2, Ex. B. Ko now seeks to reassert exactly the same claims she gave up when she signed the settlement (minus the national origin discrimination claim). To allow her to proceed with her case would "virtually eliminate the incentive for defendants to settle Title VII suits." *Folley*, 175 F. Supp. 2d at 1011 (citation omitted). The Court is convinced that amendment would be futile, so the claims are all dismissed without leave to amend.

### C. Violation of the Employee & Labor Relations Manual

The Employee & Labor Relations Manual is a regulation of the USPS. 39 C.F.R. § 211.2(a)(2). Ko alleges that USPS violated § 665.23 of the ELM, which prohibits discrimination. The ELM, however, does not create a private cause of action; 42 U.S.C. § 2000e-16 prohibits discrimination in federal employment, and lays out the procedures for enforcing that prohibition. Ko cannot state a cognizable claim for discrimination under the ELM, so the claim is dismissed without leave to amend.

## IV. CONCLUSION

For the reasons explained above, the Court grants USPS's motion to dismiss. Ko's request for leave to amend the FAC not only fails to comply with the Civil Local Rules, which require parties to reproduce "the entire proposed pleading," Civil L.R. 10-1, but the Court is satisfied that amendment would be futile. Ko's discrimination and retaliation claims are barred by the settlement agreement, and her claim under the ELM is not cognizable. Accordingly, judgment will be entered for the USPS and the Clerk will close the file.

**IT IS SO ORDERED.**

Dated: March 20, 2018

HOWARD R. LLOYD
United States Magistrate Judge

7